# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3996 | **DATE** | 6/10/13 |
| **CASE TITLE** | Samuel Quinn (N02809) vs. Matthew A. Meier | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* (Dkt. No. 3), is denied pursuant to 28 U.S.C. § 1915(g) and the action is summarily dismissed for failure of Plaintiff to advise the Court that at least three of his previous cases have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee of $400. Before pursuing any future litigation, Plaintiff must pay any outstanding fees. The Clerk is directed to send a copy of this order to the trust fund officer at Stateville Correctional Center. Plaintiff's motion for attorney representation (Dkt. No. 4), and any other pending motions are denied as moot. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

    Pro se Plaintiff Samuel Quinn, a Stateville Correctional Center, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. After a review of Plaintiff's litigation history in this Court, the Court finds that Plaintiff has "struck out" for purposes of 28 U.S.C. § 1915(g) as he has had at least three prior suits or appeals dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. *See Quinn v. Sheahan*, No. 06 C 3067 (N.D. Ill. June 27, 2006) (Plunkett, J.); *Quinn v. Sheahan,* No. 06 C 3065 (N.D. Ill. June 26, 2006) (Plunkett, J.); *Quinn v. Sheahan*, No. 06 C 447 (N.D. Ill. June 14, 2006) (Plunkett, J.); *Quinn v. Blagojevich*, No. 05 C 2018, (N.D. Ill. April 27, 2005) (Holderman, J.); *Quinn v. Himel*, No. 04 C 1076 (N.D. Ill. Feb. 23, 2004) (St. Eve, J.). These dismissal orders warned Plaintiff that he could not seek leave to proceed *in forma pauperis* once he had "struck out" unless he was under imminent danger of serious physical injury. Plaintiff was also explicitly warned that he has "struck out" on a previous occassion. *Quinn v. Hardy*, No. 11 C 1173 (N.D. Ill. Mar. 28, 2011) (Darrah, J.).

    The instant suit does not qualify under the imminent danger exception. The present complaint challenges an assault by Stateville prison guards in May 2011, and a lack of medical care and retaliation following the incident. The complaint is limited to historical events and only seeks monetary relief. Plaintiff's present motion for *in forma pauperis* status (Dkt. No. 3), is denied.

    In addition, the Court is required to immediately dismiss this suit with prejudice

## STATEMENT

pursuant to *Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011), and *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999). *Hoskins* and *Sloan* instruct that a Court must dismiss a case with prejudice when a prisoner fraudulently conceals that he has "struck out" under § 1915(g) in an attempt to wrongfully obtain *in forma pauperis* status.

Plaintiff failed to mention his strike out status in any filing and sought leave to proceed in forma pauperis ("IFP") despite being previously warned that he had "struck out" and that he could not seek IFP status. In addition, Plaintiff carefully limited the information provided in the complaint regarding his prior cases. When discussing his prior civil rights cases in the complaint, Plaintiff simply states that the cases were "terminated" without providing the disposition. (Dkt. No. 1 at 6-8). The requested case information is very detailed requiring the litigant to provide the full case caption, date filed, parties, court, Judge, legal claim, status of the case, and whether the case was appealed. Additionally, when providing information on a habeas corpus case (which is not counted towards the three strikes bar), Plaintiff provided a more detailed description including that the case had been dismissed for want of prosecution. It is clear to the Court that Plaintiff intentionally provided a vague description of the disposition of his civil rights cases in a fraudulent attempt to conceal his "strike out" status.

Plaintiff's fraudulent attempt requires "immediate termination" of this action. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). This action is accordingly dismissed with prejudice. Plaintiff remains obligated to pay the full filing fee of $350.00. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, Plaintiff must pay any outstanding fees. *Id.*